### 8070. ALMAND *v.* BOARD OF DRAINAGE COMMISSIONERS.

Under the rulings of the Supreme Court on questions certified in this case, the trial judge did not err in sustaining the demurrer to the petition and in dismissing the action.

DECIDED FEBRUARY 7, 1918.

Action for damages; from Gwinnett superior court—Judge Hardeman presiding. January 31, 1916.

Almand brought suit against the Board of Drainage Commissioners of Haynes Creek Drainage District No. 1, alleging: that the defendant was duly incorporated and established under an act of the legislature of the State of Georgia, approved August 19, 1911, and that the corporation had damaged him in the sum of $2,500, by reason of the facts set forth in his petition; that he owned valuable bottom lands along Haynes Creek, from which the district takes its name; that the drainage ditch was determined upon by the machinery of law set forth in the said act of the legislature, and a survey was made and viewers appointed, and that the ditch was constructed according to their report and according

to the survey through his land, following the channel of Haynes Creek; and that the viewers and surveyors and defendant's officers and agents in determining upon the construction of the ditch determined that there would be no damages flowing to petitioner by reason of the construction of said ditch, and no damages were awarded to him by reason of said construction. The petition alleged that in the construction of said ditch, the defendants damaged the petitioner by taking eighteen acres of his land, by changing the run of the creek, filling up collateral ditches, destroying certain bridges which he had over the creek, by building a dam and causing the water to overflow his land, by failing to move rock in the channel of the creek at one place and causing the water to overflow and damage his land; and he claimed interest on said special damages. By amendment he alleged that all the damages claimed in this petition arose after the said drainage district was established, and after the final order establishing the same was passed, and were all caused by the negligent construction of said ditch as herein set forth.

L. B. Norton, J. T. Moore, E. J. Reagan, for plaintiff.

I. L. Oakes, for defendant.

HARWELL, J. (After stating the foregoing facts.) The Court of Appeals asked for instructions from the Supreme Court upon the following questions:

"The Board of Drainage Commissioners of Haynes Creek District was duly created a body corporate under and by virtue of the provisions of the act of 1911 (Acts 1911, pp. 108 to 132, inclusive; Park's Annotated Code, §§ 439 (a) et seq.) A, not a petitioner for the creation of such drainage district, owns land within the district, and is served with a summons as required by the act (Park's Annotated Code, § 439 (b)). No damages are awarded him by the engineer and the viewers; and no appeal is taken by him to their report, as provided in the act. The district is duly established in strict compliance with the provisions of the act.

"1. In such case may A prosecute his common-law action on the case for the value of his land taken, and for any inconvenience imposed, because of the construction of the improvements by the board of drainage commissioners, after the district has been established, laid out, and the improvements completed, or are the remedies provided in the act exclusive of all other remedies?

"2.   In such case may A maintain against the board of drainage commissioners, as a body corporate, an action for damages, for the negligent construction by the board of drainage commissioners of the improvements authorized to be made by it, where his lands lying within and without the drainage district have been damaged by acts of negligence and negligent omissions on the part of the board and its contractor in making the improvements in the district?"

The answer of the Supreme Court (the headnotes only being given here) was as follows

"1.   A drainage district laid out, established, and incorporated under the act of 1911 (Acts 1911, pp. 108-132, Park's Ann. Code, § 439 (a) et seq.) is not liable in a common-law action to one owning land within the district, for the value of his land taken, or for inconvenience imposed thereon by the construction of improvements after they have been completed, where the provisions of the act have been strictly complied with, and where such landowner has been served and made a party to the proceeding to establish such district, and has failed to appeal, as provided by the act, from the report of the engineer and viewers finding that his lands will not be damaged by the construction of the improvements.   In such case the remedy provided in the act is exclusive.

"2.   The act of 1911, authorizing the establishment and incorporation of drainage districts, is referable to the police power of the State.   Such districts, when established and incorporated, are governmental agencies, with limited powers conferred upon them for the public benefit, and may not be held liable for the negligent acts of their officers and agents in the discharge of a governmental function, unless made so by statute.

"3.   In so far as the eminent-domain power of the State is conferred upon such drainage districts, the same is merely incidental to the exercise of the powers and duties conferred and enjoined upon them for the public benefit.   If, in the non-negligent and proper exercise of powers and performance of duties conferred and enjoined upon them for the public benefit, injury is necessarily inflicted upon private property which amounts to the taking or damaging of such property, within the meaning of the constitution of this State, the owners thereof are entitled to just and adequate compensation, and the drainage districts as such may be held lia-

ble. Where the injury is the result of an act of negligence of the officer or agent of such drainage district, liability as against the corporation does not exist." 147 *Ga.* 532 (94 S. E. 1028).

It appearing, from the allegations of the petition, that the damages complained of arose from the construction of the ditch, and that they were all caused by its negligent construction, we hold that under the facts as alleged, and the rulings of the Supreme Court as herein stated, the court did not err in sustaining the demurrer and dismissing the petition.

*Judgment affirmed. Broyles, P. J., and Bloodworth, J., concur.*